Next case of the morning is case number one one nine one seven eight in the Michael D People of the state of Illinois versus Michael D. Are the parties ready to proceed? Hey, please the court counsel My name is Christopher Copas and I represent the minor in this case Michael D The issue today is whether a minor has a right to appeal Following a post delinquency order of supervision under section 5 6 15 1 B of the juvenile court act and that's a recent provision which gives juvenile court judges For the first time the option of giving a disposition or sentence supervision At the end of the case just as adult Judges and adult criminal cases have that option In this case Michael D was charged with several counts of theft. He went to trial He was convicted on one of those counts. There was a formal Dispositional or sentencing hearing at which the parties argued about the appropriate sentence And in the end the court elected to impose in order of supervision for one year various conditions The appellate court in this case held that minors like Michael who are sentenced to supervision under this provision are not Entitled to have no right to appeal and that decision is wrong That decision is contrary to the plain language of this courts rules Which make clear that supervision is a final appeal of the order and those rules are incorporated into juvenile cases And that decision also is wrong because it allows the judges choice of sentence to insulate the entire Proceedings from review and really thwarts the very purpose that the statute was enacted So in that vein, I think it's important to look at the history of the statute to understand where the legislature was coming from before the 2014 amendment to the juvenile court act the only form of supervision juvenile delinquency proceedings Could come before a finding of delinquency and only with the consent of the court in both parties So in that sense supervision there operated as sort of like a pretrial diversion program In that order of supervision was not appealable and that makes perfect sense and there's no trial no sentencing hearing no judgment really to appeal For years, however, juvenile court judges sought to impose supervision as a final disposition at the end of the case just like their counterparts in adult criminal cases and members of this court in XRL people XRL divine versus Strelka expressly urged the legislature to enact a form of disposition a form of supervision that Would be a disposition at the end of the case and the legislature did that in 2014 by enacting section 5 6 15 1 B Now supervision can come after a trial and the dispositional hearing At the end of the case the judge has the option of imposing supervision Just as he can impose any other disposition available under the juvenile court act So this provision is fully unlike that pre-delinquency Diversion type of supervision and is the functional equivalent of adult supervision Just like any other sentence so the source of The appellate jurisdiction of this order is fairly clear This court has held that juvenile delinquency order plus a disposition as a final Appealable order and that's what we have here Michael was found delinquent and there was a disposition of supervision following the dispositional hearing Furthermore looking specifically to this court's rules Rule 660 provides that in delinquent juvenile delinquency cases The rules for appeal are governed by the rules in criminal cases. So then turning to rule 604 B That rule expressly provides that the defendant who's been placed on supervision can appeal the conviction or the conditions of supervision or both So that rule also provides for appellate jurisdiction in this case The state's argument is that rule 604 B does not apply here It only applies to adult supervision and the basis for that argument State's only basis for that argument is that rule 604 B contains a site to the adult supervision provisions But that's the state the state also argues that supervision is not listed among the sentencing Alternatives listed in the Juvenile Court Act. Is that significant? Not at all in section 710 of the Juvenile Court Act which lists number of dispositions that Section applies only where the minor is made a ward of the court This section does not require the minor be made a ward of the court. So be Inappropriate to include supervision in that Section not to mention in 615 1b itself one of the requirements for the court imposing it is that the judge make a finding that this sentence is more In other words any other disposition contained in 710, so the fact that it's not listed there is How can it be a final judgment counsel when Depending on whether the minor complies that a different disposition could be entered at any time or It can be dismissed. I mean, how is that final? Well, it's a couple of responses to that. One is that some extent That reflects all juvenile delinquency proceedings the dispositions there Until the proceedings are closed or the minor reaches the 21st birthday the disposition there can always be modified by the judge So if that were a basis to find this order non-appealable you would never have final order Do you argue or concede I guess that we you would have to imply that there's a right-of-appeal here No, not at all from to 615 from 5 6 15 rather I mean, it's based on this court's rule Rules 660 and 604 be working together and also this court's case law Which is made clear that in juvenile delinquency proceedings the delinquency order plus the disposition is a final appealable order That's precisely what we have here final disposition given at the end of the case So there's no need to apply it We also Rules if there is some ambiguity, but our main position is that's not necessary. Thank you Going back to Rule 604 be the fact that it lists the citation for adult supervision is also insignificant It's in a parenthetical citation Proceeded by the word C C 730 ILC s 5 5 6 1 showing that it's there for reference purposes or illustrative purposes. It's not there to strictly limit appeals to supervision given under that provision and if so No other form of juvenile disposition Comparable form like probation or conditional discharge also covered by 604 B, but ever be appealable Because those are not cited in that provision It's not necessary again to cite that provision because rule 660 Expressly incorporates those rules for juvenile delinquency appeals Another argument that the appellate court that the state relied on here is that juvenile supervision orders Delinquency supervision order in this case is somehow different operates differently from Adult supervision. That's not the case. Both of them are issued at the end of the case after Guilty finding and the court's determination that supervision is an appropriate sentence the appellate court pointed to two differences the first being that in juvenile cases the judge has the discretion to vacate before the end of the supervision period and The second being that the judge doesn't have to make a specific finding that minor has complied with the supervision provisions but neither of those points Has any bearing on the appeal ability or the final nature of the supervision order in this case? Going to a point earlier. It just reflects that the judges and juvenile court have some extra discretion when it comes to the disposition Determining what's in the best interest of the minor what's in the best interest of justice? So the fact that the judges are given that flexibility and exactly how and when Supervision period will end doesn't make it any less final or any less appealable Another The fact that it might ultimately be vacated Is another point that the appellate court? Significant the end of its opinion. It said it would be wise To not have an appeal in this case because after all the supervision could be vacated at any time But this court people versus Jordan Already expressly rejected that argument in that case this court asked and state conceded that even where supervision is terminated an Appeal from that supervision is not moot or is not meaningless This court looked to the collateral consequences stemming from an order of supervision notably employment and legal consequences An order of supervision even if it's terminated successfully and later be used to enhance a later sentence It can be used as an aggravating factor the fact that the Judgment is vacated or the charges dismissed Doesn't negate the fact that the state proved criminal conduct and the state can use that criminal conduct in a later case It's not like it wipes away the judgment entirely so the fact that this court has already rejected that argument and Jordan I think is Telling for why an appeal is necessary in this case and again called for under this court rules The Consequences of the appellate courts ruling and finding this unappealable are fairly drastic it renders the Proceedings only unreviewable from start to finish so any error in the proceedings whether it be pretrial trial error the sufficiency of the evidence Dispositional hearing error none of that is reviewable Merely because the judge has elected to give this order of supervision That really creates some perverse incentives when it comes to this order of supervision After all judge who wants to foreclose the proceedings from appeal Could do so easily by imposing this order of supervision boom unappealable It would also encourage the minor himself to either argue against a sentence of supervision if he wanted to appeal or would say The minor would be Incentivized to violate the order of supervision and get another greater disposition In fact the state concedes that that's really the only way that the minor can appeal under their interpretation of the rule minor would have to violate and Get the greater sentence so that really works the entire purpose of the statute which was to give the judges the Juvenile court the option of giving this more lenient sentence In the interest of minor and in the interest of justice If this court agrees with the state that under its rules as currently written it's Supervision or this post delinquency supervision order is unappealable and we would ask that this court modify its rules just as it did last year in Ray BCP there the state argued that an appeal from an Interlocutory interlocutory appeal of a suppression order Warranted a rule change and this court agreed finding in part because of the criminalization of juvenile delinquency proceedings sort of requires that the same criminal procedures procedural fairness be afforded to both parties and so this court Relied on that and its policy of ensuring meaningful appeals in juvenile Juvenile cases and after all this court has expedited rules for appeals in juvenile cases So to the extent that there's a concern about this supervision being vacated In a short period of time. Well, this court has expedited rules that would allow for a swift resolution of the appeal If this court decides that This area requires further study And looks at amending or changing our rules That wouldn't necessarily benefit your client, right? If we if we decide that under the current rules That an appeal could not be taken It might help people in further cases that are in the same juveniles and further cases that are But would not help your client. Well, I disagree in BCP this court Modified its rules in that case and remanded that particular case for review of the state's So that's and that's my point That's what you're asking this court to do is modify the rule in the opinion in the opinion Yes in the alternative if this court's rules as written currently don't provide for the appeal and to follow the procedure That was done in rate BCP the policies that Animated this court's ruling in that case of present even more so where the entire proceedings would evade review The courts would not be given the necessary guidance in those cases where supervision is imposed as a final disposition And if this court has no further questions, I'll save more for rebuttal. Thank you. Thank you counsel Good Morning your honors Counsel may it please this honorable court. I am Cook County assistant state's attorney Veronica Caldwell, Malavia Representing the people the state of Illinois in this case in dismissing minor respondents appeal for lack of jurisdiction the appellate court Correctly analyzed the issue and reached the right result Honors the court first recognized that none of these this court's rules Permit an appeal from post skill continuance under supervision and delinquency cases In fact the two rules that govern delinquency appeals don't even mention supervision orders rule 668 deals expressly only with final judgments However, a supervision order even in an adult court has never been considered a final judgment by this court Therefore rule 668 does not apply rule 662 allows for interlocutory appeals When the trial court fails to impose a sentence in a timely fashion Respondent doesn't even claim that rule 662 applies So what we're left with is rule 604 B Which expressly only deals with adult supervision? Orders issued under the code of corrections and does not even mention juvenile supervision orders As a result that rule by its language does not apply Nonetheless respondent argues that post guilt supervision orders and delinquency cases should also be Appealable under rule 604. However, your honor's respondents Argument is self-defeating. He concedes that pre-killed juvenile supervision orders are not covered by the rule and Rule 604 was adopted long before the legislature enacted post guilt juvenile Supervision orders their drafters certainly did not intend To include a type of supervision that it did not exist at the time. The rule was drafted The one thing we cannot do is construe rule 604 B to partially apply to supervision orders Namely just the post guilt ones that would turn the rules of statutory construction on their head Because we would be be adding language by half measure to only include post guilt post-guilt juvenile supervision minor respondent also relies on an isolated comment in the debates to argue that the legislature Intended that post guilt juvenile supervision be in parity with adult supervision And as a result is appealable under rule 604 B that argument also fails First minors underlining premise is wrong The amendment to post guilt supervision was clearly a response to this court's Concerns in Stralka where this court held that a trial court was not allowed to vacate a finding of guilt When a minor was placed on probation even despite his subsequent good conduct Although the legislature didn't enact that unlawful option It did create post guilt supervision Where if the minor complies with the terms of post guilt supervision His finding of guilty could be vacated and the case dismissed All that amendment achieved was to provide for post guilt supervision and nothing more Second a legislative enactment cannot amend a rule of this court or change the intent of the drafters There will be a violation of powers Situation the rulemaking powers belong to this court Rule 604 B simply does not permit Expressly or implicitly an appeal from a post guilt juvenile supervision order The next question is Whether the absence of such a right deprives the minor of any particular Constitutional right or adversely affects them in any way Warranting the modification of this court's rules. The answer is no contrary to minors Allegation the absence of a right to appeal does not infringe upon the constitutional right to appeal the Illinois Constitution guarantees a right to appeal from final judgments Therefore it here it continues under supervision is not a final judgment and therefore there is no violation of the clause The Absence of a right to appeal contrary to defendant's suggestion in his brief Also does not create an equal protection Problem in Derek OJ this court found that in the context of supervision Adults and minors are not similarly situated because the proceedings are from juvenile proceedings are fundamentally different from criminal proceedings and Your honors these fundamental differences were left intact with the amendment that permits post guilt Continuance under supervision the legislature did not change the fact that Supervision in a juvenile case is a mere postponement of the proceedings like pre-guilt supervision The option of post-guilt supervision is not an option that is found In the Juvenile Court Act sentencing provisions in contrast the adult supervision Statute is found in the Code of Corrections Which that is more akin to a sentencing Disposition and there's a clear legislative basis for this distinction in an adult case The trial court sentencing sentencing powers are triggered by a finding of guilt. That's not true in juvenile court Under the Juvenile Court Act the trial court sentencing powers are triggered by Finding the minor of finding a minor that the minor should be made aware of the court Therefore in delinquency cases you need two things a finding of guilt and an education and worship Before the trial court sentencing powers are to occur and here post-guilt supervision occurs before the Finding of adjudication, so it's not a sentence the sentencing powers of the court were not Triggered and it's not akin to a sentence Additionally these differences between the two frameworks shows that there's no need for an interlocutory appeal and that post-guilt supervision Is actually a benefit to eligible minors. Your honors, without rule 604B An adult defendant who violates supervision Only has a right to appeal for revocation of the supervision He doesn't get to go back and raise claims of the underlining proceedings So that is a case of an appeal denied making 604B Necessary. However when a minor violates his post-guilt supervision the proceedings recommence to adjudication and Disposition and if the minor is made aware of the court and is sentenced That's a final judgment and he gets a right to appeal the trial and sentence So it's not a case of an appeal delayed. It's a case of an appeal delayed not denied only based upon a violation of supervision Is that right? correct if there's a violation of supervision and it goes to He's adjudicating with the court and he is sentenced then he does have the opportunity to Raise issues of the trial in the sentence. Is that good public policy to defer an appeal? Well What's significant is a minor who complies with post-guilt supervision gets the benefit, the equivalent of a successful appeal with the ultimate appellate remedy. In other words, if he complies with his terms of supervision His finding of guilt will be vacated and in this case will be dismissed. So there are no collateral consequences? There would be but it's after finding of guilt But the legislature has also established an expungement statute that protects the defendant. Once he's turned 19 18 he'll be able to have those expunged The supervision and it's no different They can also consider under the Code of Corrections a mere arrest, not just supervision, but mere arrest also So then you're not right about his arrest. I think you were getting there, but can you explain again your response to opposing counsel saying that there can always be modification to a sentence in a juvenile case? You recall him saying that? That's true, however in a probation case you can never vacate a finding of guilt. You can modify it in supervision. That's why it's not a final judgment. Because you can eventually vacate the finding of guilt. So in light of the fact that if a minor complies with the terms of his supervision, then he will get the equivalence of a successful appeal. It can't be said that it's a perverse incentive to violate his supervision. It's really an incentive to comply. If we agree with you counsel, should we amend our rules to provide for an appeal as an interlocutory matter? My first response would be no, because the legislature set up this scheme and provides minors with a second chance to rehabilitate with the assistance of the court. And the appeal result is delayed. Not prevent, you know, there's no denial of appeal. However, I think it is a good idea if this court is considering modifying the rules that it referred to the Rules Committee so we can have testimony from those with expertise to to determine whether this is really a detriment or a benefit to a delinquency proceedings. Additionally, minor respondent complains that there shouldn't be an immediate appeal because supervision conditions are punitive and that reflects a legislative intent to focus on accountability, making post-court supervision akin to sentencing. He's wrong again. First, delinquency proceedings are not criminal prosecutions. However, the primary goal remains rehabilitation. The fact that the legislature has a preliminary procedure recognized that holding minors accountable for their actions assists in the rehabilitation did not transform the proceedings into criminal prosecutions. Second, the conditions imposed on minors during the post-court supervision without their consent are really no different than the pre-trial conditions that are imposed on minors without their consent. At pre-trial, in cases of urgent and immediate necessity, they can be held at the juvenile detention center. They can be required to report to a probation officer and comply with a host of other conditions. These pre-trial conditions are not appealable because they are aimed at helping minors in their rehabilitation. Post-court supervision and attendant conditions are just another opportunity for minors to show the court that they are rehabilitated and it is also an opportunity for the trial court to assist them in that process. And Your Honor, that is exactly what happened in this case. The record shows that a minor respondent on three prior occasions was arrested for a similar offense and no petitions were filed. It was only after this petition was filed and he was placed on pre-trial conditions that he began to change his behavior. To this point, the respondent has thrived on supervision. There have been no violations filed. And next month, his supervision could be terminated satisfactorily if there are no changes. And maybe even before this court decides this case, a minor respondent could receive the equivalence of a successful appeal. His finding of guilt would be vacated and his case dismissed. As designed and contemplated by the legislature, respondent took advantage of the second opportunity, took affirmative steps to rehabilitate with assistance of the trial court's conditions and services it issued in its supervision order. Respondent was not prejudiced in any way, Your Honors. He only benefited from this period of supervision. So, based on these reasons and those found in our brief, that people ask this court to affirm the Planned Court. Thank you, Counsel. Your Honors, how Michael and other minors would benefit from not having an appeal, frankly, makes no sense to me. While Michael has been on supervision, he's been ordered to comply with a number of conditions. He's been ordered to pay restitution, he's been ordered for a task referral, a number of intervention programs, community service, all as part of his supervision. The fact that he can't appeal does not put him in the same position in the end because he's had to comply with all of these supervisions. And again, not to mention the fact that the state can turn around and use that finding of guilt in a later proceeding, if it so chooses, as an aggravating factor or as something that might enhance a sentence. The only way that Michael can get an appeal from this is to violate his conditions of supervision. And so that is not an appeal. To call that an appeal delayed rather than appeal denied is sort of an illusory right to appeal. It requires him to get a greater sentence just to have the right to appeal. Council also disputes the legislative intent here. And I think the legislative intent is clear. There's nothing to the contrary from what's cited in Arbery's that the legislature wanted to impose or create an order of supervision that would create parity with adult supervision. It's kind of bizarre to think that they wanted to make only the juvenile supervision wholly unappealable and make it, quite frankly, not an attractive option for juvenile court judges who might want to give the defendant or the minor a right to an appeal. Quite frankly, I can't imagine that that was in the legislative intent when they enacted this. Council also says that this is not really a sentence because it's not in the sentencing provision and it's not something that comes after the adjudication of wardship. But it is indeed a sentence. It comes at the very end of the proceedings. It comes after a trial, after a guilty finding that the defendant would like to challenge, in this case, seeking to challenge the sufficiency of the evidence in this case. And then it comes after a dispositional hearing. So to say it's not a sentence, again, just doesn't make sense. It is a sentence. It is a final appealable order under this court's rules. And to rule otherwise would defy the legislative intent behind this provision. And if this court's rules do provide that, we would ask that you modify the rules as this court did in RAID-BCP to encourage meaningful appeals in juvenile cases. This court has no other questions? I guess not, sir. Thank you. Case number 119178, Henry Michael D., a minor. People of the State of Illinois v. Michael D. Will be taken under advisement is agenda number 16. Mr. Kopacz and Ms. Malavia, thank you very much for your arguments this morning, this afternoon, now. You are excused at this time.